UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, AND TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>Plaintiffs,<br><br>-against-<br><br>KIMO TILE @ MARBLE, LIMITED LIABILITY COMPANY d/b/a KIMO TILE COMPANY, LLC,<br><br>Defendant. | 18 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Local 7 Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 7 Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 7 Benefit Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (the "International Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Benefit Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. Defendant Kimo Tile @ Marble, Limited Liability Company d/b/a Kimo Tile Company, LLC. ("Kimo") is a corporation organized under the laws of the State of New Jersey. At relevant times, Kimo was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an

-2-

industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Kimo maintains a place of business at 7 Fowler Avenue, Millville, NJ 08332.

## BACKGROUND

7. The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

8. At all times relevant hereto, Kimo was bound to a collective bargaining agreement (the "Agreement") with the Union.

9. The Agreement required the signatory to make specified hourly contributions to the Local 7 Benefit Funds and the International Benefit Funds, and various entities on whose behalf they act as collection agents (collectively, the "Funds"), in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

10. In addition, the Agreement further provides that Kimo must make their books and records available to the Funds or their representatives in order to verify the number of hours of Covered Work performed by Kimo's employees.

11. In April 2018, representatives of the Funds completed a payroll audit of Defendant Kimo's books and records (the "Audit") covering the period from March 1, 2014 through September 30, 2017 (the "Audit Period").

12. The Audit revealed that Kimo owed $777,139.69 to Plaintiffs, consisting of: (1) principal deficiency in the amount of $537,872.20; (2) interest of $136,772.54; (3) liquidated damages of $94,474.95; and (4) audit costs of $8,020.

### FIRST CLAIM FOR RELIEF

13. Plaintiffs repeat the allegations set forth in paragraphs 1 through 12 above and incorporate them herein by reference.

14. At relevant times, Kimo was a party to, or manifested an intention to be bound by, the Agreement with the Union.

15. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

16. The Agreement required Kimo to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

17. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

18. Defendant contravened both the Agreement and section 515 of ERISA by its failure to contribute $537,872.20 to the Funds in connection with Covered Work performed during the Audit Period.

19. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds for all delinquent contributions, including contributions uncovered by the Audit of $537,872.20; interest of $136,772.54; liquidated damages of $94,474.95 (20% of the principal amount due); and (4) audit costs of $8,020, plus all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant for all delinquent contributions, including $537,872.20 in contributions uncovered by the Audit, plus interest, liquidated damages, and audit costs;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
June 7, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: ___/s/ Nicole Marimon_____  
Charles R. Virginia, Esq.  
Nicole Marimon, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080

*Attorneys for Plaintiffs*